UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| WILLIE C. McGHEE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-748 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| PAUL J. BRIDENSTINE, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

This is a civil action brought by a *pro se* plaintiff. It is the fourth action brought by Mr. McGhee *in forma pauperis* in as many months. Two previous lawsuits (case no. 1:10-cv-333 and case no. 1:10-cv-334) have been dismissed by the court as frivolous. Plaintiff's latest complaint, which is in many respects unintelligible, appears to arise from a criminal prosecution now pending in the 8th District Court against him. Plaintiff has named District Judges Paul J. Bridenstine and Julie Phillips, Kalamazoo City Attorney Clyde Robinson and Assistant City Attorneys Michael Miller and John Kneas, and Police Officer Manuel Bohannon. Plaintiff's allegations run the gamut of tax-protester claims, including the assertion that defendants have violated the Uniform Commercial Code, that they have treated plaintiff as a corporation rather than a "natural citizen," that they have refused to produce their constitutional oaths of office, and that they have proceeded wrongfully against plaintiff, who does not consent to the jurisdiction or venue of the Michigan courts. Accompanying plaintiff's complaint is a motion to dismiss, which contains virtually no facts but an incoherent list of quotations from various legal sources. By bringing the motion to dismiss,

plaintiff apparently wishes this court to order dismissal of the pending state criminal charges, the nature of which he fails to identify.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325

In deciding whether the complaint states a claim, the court applies the standards applicable to Rule 12(b)(6) motions. The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. The court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court need not accept as true legal conclusions or unwarranted factual inferences. *DirecTV*, 487 F.3d at 476. *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed

attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). Applying this standard, I conclude that plaintiff's complaint is both frivolous and brought against clearly immune defendants and that it should be dismissed. I further recommend that leave to appeal *in forma pauperis* be denied, in light of the meritless nature of plaintiff's claims, and that plaintiff be warned that further abuse of the *in forma pauperis* privilege may lead to its forfeiture.

## Discussion

**1.**

Plaintiff's *pro se* complaint suffers from numerous, fatal defects. Discussion of only the most glaring defects should suffice.

**Judges Bridenstine and Phillips**. Defendants Paul J. Bridenstine and Julie Phillips are judges of the 8th District Court of Michigan, which sits in Kalamazoo. Plaintiff's complaint asserts that these defendants violated his rights in connection with rulings made during court appearances. For example, he alleges that Judge Bridenstine conducted court proceedings in his "own individual capacity by ignoring questions of law that the judge refused to answer." (Compl. at 2). He alleges that Judge Phillips forced a court-appointed attorney on him, over his objection and

then sent him back to see Judge Bridenstine. (*Id.*). It is clear that both defendants are immune from suit on these allegations.

State judges enjoy absolute immunity from damage suits for acts performed in their judicial capacity, except for acts done in the clear absence of jurisdiction. *Pierson v. Ray*, 386 U.S. 547 (1967). The immunity doctrine protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988). Judges sitting in courts of limited jurisdiction (such as Michigan district judges), are entitled to the protection of the immunity doctrine. *See White v. Gerbitz*, 892 F.2d 457, 462 (6th Cir. 1989).

The Supreme Court has made it clear that absolute judicial immunity is overcome "in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). First, a judge is not immune for nonjudicial actions. *Id.* In determining whether certain conduct is judicial in nature, the court adopts a functional approach, asking whether the act is one normally performed by a judge. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978). In the present case, all the actions attributable to Judges Bridenstine and Phillips are clearly judicial in nature, as they occurred in open court in connection with pending criminal proceedings. These are "paradigmatic judicial acts," as they involve resolution of the dispute before the court and alter the rights and liabilities of the parties. *See Forrester*, 484 U.S. at 227. A judge is immune from damage liability arising from judicial decisions, even if the decisions were erroneous. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, although judicial in nature, done in complete absence of all jurisdiction. It is clear that the defendants, as state district judges, had jurisdiction under state law to adjudicate the misdemeanor charge pending in the state district court. *See* MICH. COMP. LAWS § 600.8311; *see also Belill v. Hummel*, No. 86-1937, 1987 WL 24114, at * 2 n.3 (6th Cir. Dec. 1, 1987); *Robertson v. City*

*of Grand Rapids*, No. 1:06-cv-451, 2008 WL 2224173 (W.D. Mich. May 27, 2008); *Bhutta v. Bush*, No. 05-cv-70433, 2006 WL 568343, at * 5 (E.D. Mich. Feb. 3, 2006). Plaintiff's claims against both Judge Bridenstine and Judge Phillips must therefore be dismissed on immunity grounds.

**City Attorney Clyde Robinson and Assistant City Attorneys Michael Miller and John Kneas.** In the body of his complaint, plaintiff identifies Mike Miller as a city prosecutor. He alleges that Miller brought Police Officer Manuel Bohannon into court, had plaintiff approach the bench, and then asked the officer to identify the plaintiff. As a prosecutor, Miller is clearly entitled to immunity from any claim arising from his conduct. Under the doctrine of prosecutorial immunity, prosecutors are immune from damage suits for their decision to initiate or maintain criminal prosecutions, as well as all conduct "intimately associated with the judicial phase" of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). The decision to prosecute, even if malicious, enjoys absolute immunity under this doctrine. *Burns v. Reed*, 500 U.S. 478, 492 (1991); *Cady v. Arenac County*, 574 F.3d 334, 339-40 (6th Cir. 2009). Furthermore, presentation of testimony, even if allegedly false, is an activity intimately involved in the judicial phase of the criminal process and is therefore immune from suit. *Imbler*, 424 U.S. at 427 n.27. The only allegation against Miller is that he called Bohannon as a witness. Miller is clearly entitled to immunity for this conduct.

The body of the complaint contains no allegations whatsoever concerning acts or omissions of Clyde Robinson (the Kalamazoo City Attorney) or John Kneas (an Assistant City Attorney). A complaint that merely names a defendant in the caption, without making substantive allegations concerning that defendant's acts or omissions, is frivolous on its face and subject to

dismissal. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Tumele v. Robert Scott Corr. Facility*, No. 06-cv-10605, 2009 WL 973344, at * 2 (E.D. Mich. Apr. 13, 2009); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). To the extent that plaintiff's claims against Robinson and Kneas arise from their involvement in the criminal prosecution, they will be entitled to dismissal on the alternative grounds of immunity.

**Police Officer Manuel Bohannon.** The only substantive allegation made against Officer Bohannon is that he identified plaintiff in court, when called to do so by Assistant City Attorney Michael Miller. Bohannon is immune from suit for this conduct under the doctrine of witness immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 342-45 (1983). This doctrine protects witnesses from civil rights suits arising from their testimony. *See Moldowan v. City of Warren*, 578 F.3d 351, 398 (6th Cir. 2009); *Alioto v. City of Shively*, 835 F.2d 1173, 1174 (6th Cir. 1987). Since the only wrongdoing alleged concerning Bohannon is his giving of testimony in open court, he is immune from suit.

**Motion to Dismiss Charges**. By bringing his motion to dismiss, plaintiff apparently wishes this court to intervene in the state criminal prosecution against him. Plaintiff gives no information concerning the nature of the prosecution or its status. Nevertheless, federal law prohibits this court from interfering with the state-court prosecution, whether that prosecution is pending or has been resolved. If the state prosecution against plaintiff is still pending, plaintiff's request for injunctive relief is barred by the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that considerations of comity, equity, and federalism generally require a federal court to abstain from enjoining pending state criminal prosecutions. Except in

extraordinary circumstances, federal courts should "permit state courts to try cases free from interference with federal courts." 401 U.S. at 43. The only exception is if a plaintiff has no forum in the state courts for vindication of his federal rights. *See Coles v. Granville*, 448 F.3d 853, 866 (6th Cir. 2006). Plaintiff pleads no facts suggestion that the Michigan courts will not vindicate his federal constitutional rights. Dismissal of plaintiff's claims related to the criminal prosecution against him is therefore appropriate. *See Coles*, 448 F.3d at 866.

If the state prosecution has concluded, this court is barred from granting relief under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court determined that, unless a prisoner's conviction or sentence had been previously set aside on direct or collateral review, the federal courts should not entertain the civil rights action, if a finding for the plaintiff would necessarily invalidate a conviction or sentence. *See Lockett v. Suardini*, 526 F.3d 866, 872 (6th Cir. 2008). Consequently, if plaintiff's criminal prosecution is now concluded, he may not collaterally attack a conviction under the guise of a civil rights action. Plaintiff does not allege that he was acquitted at trial or that any conviction was overturned on direct or collateral review. This court therefore is precluded from granting him relief from the state prosecution.

In summary, I conclude that plaintiff's claim is both frivolous and brought against immune defendants. I recommend that this action be dismissed with prejudice.

**2.**

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir.1997). The "good faith" requirement must be judged by an objective

standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "Good faith" is demonstrated when the party seeks appellate review of an issue that is "not frivolous." *Id.* An appeal is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "The former occurs when 'indisputably meritless' legal theories underlie the complaint and the latter when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327-28)); *see McGhee v. McCall*, 1:10-cv-333, 2010 WL 2163826, at * 1 (W.D. Mich. May 27, 2010). For the reasons identified in section one of this report and recommendation, I recommend that the court certify under 28 U.S.C. § 1915(a)(3) that any appeal by plaintiff would not be taken in good faith.

**3.**

Proceeding *in forma pauperis* is a privilege and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *see Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996)( "Leave to proceed without prepayment of fees and costs is a privilege, not a right" and courts have discretion to revoke that privilege when it no longer serves its goals). It is well established that federal courts have inherent powers to impose appropriate sanctions to deter future frivolous lawsuits and/or relitigation of the same lawsuit and frivolous and vexatious litigation. *See Cauthon v. Rogers*, 116 F.3d 1334, 1337 (10th Cir. 1997); *Haddad v. Michigan Nat'l Bank*, No. 1:09-cv-1023, 2010 WL 2384535 (W.D. Mich. June 10, 2010); *Johnson v. Johnson*, No. 1:90-cv-175, 2006 WL 1429673, at * 7 (W.D. Mich. May 23, 2006).

Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. *See Day v. Day*, 510 U.S. 1, 5 (1993).

A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. *See In re McDonald*, 489 U.S. 180, 184 (1989); *see also In re Sindram*, 498 U.S. 177, 179-80 (1991)("The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous [claims]."). "'Frivolous, vexatious, and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit . . . .'" *Ohio v. Ealy*, Nos. 1:09-cv-245, 1:09-cv-246, 2009 WL 1118704, at * 1 (S.D. Ohio Apr. 24, 2009)(quoting *United States v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995)). "It is well-settled that a plaintiff's *pro se* status does not give him a license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 900 (5th Cir. 2009).

This is the third time that plaintiff has brought a facially frivolous claim in this court. He does not appear to be deterred by dismissal. The bringing of serial, frivolous cases is an abuse of the privilege of proceeding *in forma pauperis*. Accordingly, I recommend that plaintiff be expressly warned that among the sanctions he faces if he files another frivolous lawsuit is the loss of the privilege of proceeding *in forma pauperis*.

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed with prejudice under 28 U.S.C. § 1915(e)(2). I further recommend that the court certify that any appeal

by plaintiff would not be taken in good faith. 28 U.S.C. § 1915(a)(3). Plaintiff should be warned that any further abuse of the *in forma pauperis* privilege may lead to its forfeiture.


Dated: August 9, 2010  /s/ Joseph G. Scoville
United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).