UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE C. MCGHEE, | Case No. 1:10-cv-748 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Scoville |
| JUDGE PAUL J. BRIDENSTIEN *et al.*, | |
| Defendants. | |

## OPINION and ORDER

Adopting the R&R without Objection;
Dismissing the Complaint as Frivolous and Barred by Immunities, *Younger*, and *Heck*;
Certifying that An Appeal Could Not be Taken in Good Faith;
Declining to Grant *In Forma Pauperis* Status on Appeal;
Terminating and Closing the Case

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to United States Magistrate Judge Joseph G. Scoville. The Magistrate issued a Report and Recommendation ("R&R") on Monday, August 9 and it was mailed on Tuesday, August 10, 2010.

Since amendments to the Federal Rules of Civil Procedure and the Federal Magistrates Act effective December 1, 2009, a party has fourteen days to object to an R&R. *See Esch v. Soc. Sec. Admin.*, 2010 WL 432265, *1 n .1 (W.D. Mich. Jan. 25, 2010) (Maloney, C.J.) (citing PUB. L. NO. 111-16 § 6(1), 123 Stat. 1608, and FED. R. CIV. P. 6(a)(1)(A)). The fourteen days do not start until the day after a party is served with the R&R, and the court counts all calendar days, *see id.* (citing

FED. R. CIV. P. 6(a)(1)(A) and (B)).

For the benefit of McGhee, the court generously assumes that he did not receive the R&R until one full week after it was mailed, i.e. on Tuesday, August 17, 2010. *Southall v. City of Grand Rapids*, 2008 WL 4739163, *1 (W.D. Mich. Oct. 29, 2008) (Maloney, C.J.) (citing FED. R. CIV. P. 6(a)). Thus, the fourteen-day objection period began on Wednesday, August 18, 2010 and ended on Tuesday, August 31, 2010, i.e., McGhee had to tender his objections to prison authorities for mailing no later than Tuesday, August 31. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (Suhrheinrich, Clay, Cook) ("The defendants' focus on the court's date stamp overlooks the 'prison mailbox rule.' Under this relaxed filing standard, a *pro se* prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court.") (citing *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (extending *Houston v. Lack*, 487 U.S. 266 (1988))).

The court assumes that if McGhee had tendered his objections to prison authorities for mailing on the night of Tuesday, August 31, 2010, his objections would have arrived at this court within one full week, i.e. by Tuesday, September 7, 2010. *Cf. US v. Mierop*, 2010 WL 549297, *1-2 (W.D. Mich. Feb. 10, 2010) (Maloney, C.J.) (assuming that if *pro se* prisoner had given his brief to prison official in southern Virginia on Tuesday, February 2, the brief would have arrived at the Clerk's Office in Kalamazoo, Grand Rapids or Lansing, Michigan no later than Monday, February 8). Even on these generous assumptions, McGhee's objection deadline has passed.[1]

---

[1]

The only document which McGhee has filed since the issuance of the R&R is a one-page "motion and order for a presidential elected judge." In its entirety, it reads as follows:

> MOTION TO REMOVE A MAGISTRATE Joeseph [sic] G. Scoville he is a magistrate and not a judge but a clerk, I do not accept anyone but a real judge that can try felony cases. Accepting a magistrat is voluntary, I am rebutting all recommendations of a magistrate and now requesting a United States District Judge.

2

As the United States Supreme Court held in *Peretz v. US*, 501 U.S. 923 (1991),

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Id.* at 939 (citation and internal quotation marks omitted). *See, e.g., Johnson v. SSA*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.").

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. *Nottingham v. SSA*, 2009 WL 230131, *2

---

> Violation of Plaintiff rights protected by the constitution of the [U]nited [S]tates is a felony Which is listed in the complaint forms. If the court will here [sic] my case it will be evident that multiple violations are self evident.
>
> The Federal Courts have a duty and a[n] obligation to protect the public and the people from unlawfulness of judicial and corporate administrators that is why we elect officials and hold them to they're [sic] oath of office, of the Constitution of the united States of America of 1787 which is in the federal court building as a binding contract to the government to protect the people from unlawfulness. The Magistrate have already violated the due process of law[.]
>
> The plaintiff ha[s] a right to be heard under the united States Constitution of America of the republic of 1787 I also think the magistrat is protecting his fellow judge and prosecutor because of both being in a government seat. And a corporate sear[.] Which will result in seeking a maritime lien on public hazard bonds and retirement bonds until unconstitutional issues are corrected according to the Uniform Bond Code UCC 1-308/207.

Doc 5 at 1 (paragraph breaks added). McGhee presents no authority suggesting any constitutional infirmity in the delegation to the Magistrate Judge, in the Federal Magistrates Act and the courts' implementing rules, of the authority to hear cases such as these and issue reports and recommendations. *See* 28 U.S.C. § 636(a)(1). Nor does his purported "objection" even attempt to identify any defect in the R&R's legal reasoning or errors in its factual findings. This constitutes no objection at all.

3

(W.D. Mich. Jan. 29, 2009) (Maloney, C.J.). Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)(c) simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, legislation citation omitted).

Indeed, at least one learned Sixth Circuit panel has held that undertaking *de novo* review of an R&R in the absence of proper objection is not only unnecessary but also *inappropriate*. *See Curry v. City of Mansfield, Ohio / Wastewater Treatment Plant*, 201 F.3d 440, 1999 WL 1206227, *1 (6th Cir. Dec. 8, 1999) (p.c.) (Ryan, Suhrheinrich, Chief D.J. Bell) (faced with unavailing general objections, "[t]he district court's *sua sponte de novo* review duplicated the work of the Magistrate, contravening the purposes of the Magistrate's Act . . . . To permit an appeal would violate this court's clearly established waiver rule and would further frustrate the purpose of the Federal Magistrate's Act."), *cited by Marr v. Foy*, – F. Supp.2d –, 2010 WL 489535 (W.D. Mich. Feb. 2, 2010) (Maloney, C.J.).[2]

---

2

As the Supreme Court has said,

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*,

4

**For the reasons explained by the R&R, McGhee's complaint is frivolous and suffers from the fatal defects identified therein. First,** McGhee sues Michigan state district court Judges Bridenstine and Phillips for violating his rights through their rulings and conduct of proceedings, and such claims are barred by absolute judicial immunity, *see* R&R at 3-5,"because there is no suggestion that [the judges] acted in the absence of all jurisdiction to hear that case or performed non-judicial tasks." *McGee v. US*, 2009 WL 909589, *9 (W.D. Mich. Mar. 31, 2009) (Maloney, C.J.) (citing *Nicklay v. Hoffman*, 2008 WL 2224114, *2-3 (W.D. Mich. May 29, 2008) ("Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. * * * There is no doubt that presiding over the criminal proceedings was a judicial act and that Judge Hoffman was acting within his jurisdiction in doing so.")). Allegations of a judge's bad faith, malice, or unethical conduct are not enough to defeat absolute judicial immunity. *See Kovats v. State of Michigan*, 2008 WL 2095423, *4 (W.D. Mich. May 16, 2008) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) and *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)).

**Second, McGhee's claims against City Attorney Robinson are barred by prosecutorial immunity,** *see* R&R at 5, which shields prosecutors from damage suits arising out of their decisions about initiating and maintaining prosecutions, *see Cady v. Arenac Cty.*, 574 F.3d 334, 342 (6th Cir. 2009); their conduct of grand jury proceedings, *see Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); their decisions about the presentation of testimony, *see Imbler v. Pachtman*, 424 U.S.

---

when neither party objects to those findings." *Thomas*, 474 U.S. at 150. *See also Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (Lawson, J.) (after untimely objections, court stated, "the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion."); *Coots v. Astrue*, 2009 WL 1326260 (E.D. Ky. May 12, 2009) (Van Tatenhove, J.) ("When no objections are made, this court is not required to review a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard . . . .").

5

409, 427 (1976); and from any other conduct "intimately associated with the judicial phase" of the criminal process, *Hopkins v. Sellers*, 2010 WL 3303651, *3 (E.D. Tenn. Aug. 19, 2010) (Collier, C.J.) (Citing *Imbler*, 424 U.S. at 430), which is done in the prosecutor's role as an advocate and not "investigatory or administrative functions that are normally performed by a detective or police officer", *Bradstreet v. Calhoun Cty. Bd. of Comm'rs*, 2008 WL 5083532, *3-4 (W.D. Mich. Nov. 26, 2008) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993) and *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989)).

**Likewise, to the extent that McGhee asserts any claims against Assistant City Attorneys Miller and Kneas** – which is not apparent from the complaint – those claims would be barred to the extent that they seek damages for those government attorneys' involvement, as advocates, in his criminal prosecution, R&R at 5-6.

**McGhee's claim arising out of police officer Bohannon's testimony** identifying McGhee in court during his prosecution, is barred by the doctrine of absolute witness immunity, R&R at 6, which covers statements made during trial and "strengthens the substantial public interest of having witnesses come forward and testify truthfully . . . ." *Kelley v. Great Seneca Fin. Corp.*, 447 F.3d 944, 949 (6th Cir. 2006) (citing *Paine v. City of Lompoc*, 265 F.3d 975, 982 (9th Cir. 2001)). *See also Moldovan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009) ("Although government officials enjoy only qualified immunity as to their pretrial conduct, 'all witnesses – police officers as well as lay witnesses – are absolutely immune from civil liability based on their trial testimony in judicial proceedings.'") (quoting *Briscoe*, 460 U.S. at 328), *reh'g & reh'g en banc denied* (6th Cir. Oct. 23, 2009), *cert. denied*, – U.S. –, 130 S.Ct. 3504 (U.S. June 28, 2010).

**Next, as the Magistrate correctly determines (R&R at 6-7), McGhee's "motion to**

**dismiss charges"** asks this court to interfere with a state criminal prosecution and the *Younger* doctrine directs this court to abstain from entertaining such requests for injunctive relief against state criminal prosecutions, whether ongoing or concluded, "'absent extraordinary circumstances . . . .'" *Devlin v. Kalm*, 594 F.3d 893, 894 (6th Cir. 2010) (Guy, Rogers, Griffin) (quoting *New Orleans Pub. Serv. Comm'n, Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989)). Moreover, as the Magistrate states (R&R at 7), the *Heck* doctrine bars this court from granting relief which would necessarily invalidate or imply the invalidity of a state-court conviction or sentence. *See, e.g., Lowe v. US Attorney General*, 2008 WL 724684, *2-3 (W.D. Mich. Mar. 17, 2008), *recon. denied*, 2009 WL 2611274 (W.D. Mich. Mar. 30, 2009) (Maloney, C.J.).

**ORDER**

The R&R [**document # 4] is ADOPTED** without objection.

Plaintiff's "Motion and Order for a Presidential Elected Judge" [**doc #5] is DENIED**.

The complaint is **DISMISSED**.

The separate judgment required by FED. R. CIV. P. 58 shall be issued contemporaneously.

Plaintiff is **WARNED** that if he files another frivolous lawsuit in federal court, the consequences may include the permanent loss of the privilege of proceeding *in forma pauperis*.

The court **DETERMINES** that there is no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). Leave to appeal *in forma pauperis* is **DENIED**.

This case is **TERMINATED** and **CLOSED**.

**This order is final, but it is not appealable.** *See Southall v. City of Grand Rapids*, 2008 WL 3739163, *3 (W.D. Mich. Oct. 29, 2008) (citing *Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981))); *see also Sarampote v. White*, 2009 WL 125036, *8 (W.D. Mich. Jan. 16, 2009) (Quist, J.) and *Isaacson v. Cliffs River Marina*, 2009 WL 103959, *2 (W.D. Mich. Jan. 13, 2009) (Bell, J.).[3]

**IT IS SO ORDERED this    7th    day of September 2010**.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[3]
*See Schrader v. SSA*, 2008 WL 360649, *3 & n.5 (W.D. Mich. Feb. 7, 2008) (Maloney, J.) (citing, *inter alia*, *Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) (p.c.) (Gilman, Gibbons, Griffin) ("respondent waived this issue due to his failure to object on this ground to the [R&R]") (citing *Thomas*, 474 U.S. at 155)); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's [R&R]. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default."); *US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.").